**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA SILVIA ESCOBAR OSORIO, | No.    15-72565 |
| Petitioner, | Agency No. A029-275-121 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Ana Silvia Escobar Osorio, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for deferral of removal under

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies between Escobar Osorio's declaration and the testimony she provided at her first and second hearings as to the duration of her gang membership, the details of her encounter with a member of a rival gang, the basis for her belief that her cousin was murdered by a gang, and her fear of recognition based on her tattoos. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (an adverse credibility determination may be supported by omissions that "materially altered" a petitioner's claim). Escobar Osorio's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Escobar Osorio did not present corroborative evidence that would otherwise establish her eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (petitioner's documentary

evidence was insufficient to rehabilitate credibility or independently support claim). We reject as unsupported by the record Escobar Osorio's contention that the agency failed to adequately consider the record evidence.

Substantial evidence supports the agency's denial of Escobar Osorio's CAT claim because it was based on the same testimony found not credible, and Escobar Osorio does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49; *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime was not particular to the petitioner and insufficient to establish eligibility for CAT relief).

Escobar Osorio's contentions that the agency violated her right to due process fail. *See Lata*, 204 F.3d at 1246 ("To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and substantial prejudice.").

As stated in the court's November 9, 2015 order, the stay of removal remains in effect until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**